NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN ANDERSON, PETITIONER, v. HOAGLAND & GREEN,
RESPONDENT.

This is a case coming on for determination under the provisions of the Workmen's Compensation act, in which the facts briefly stated are as follows:

The petitioner, prior to and on May 7th, 1927, was in the employ of the respondent as a laborer in the lumbering business at a wage of $24. At about ten A. M. on that date, while working with logs in the woods, he stepped on a piece of bark causing his foot to slip. In the strenuous effort to save himself from falling, it is claimed that his trousers and overalls were drawn against him so violently as to bruise or otherwise injure his testicles. A few minutes thereafter the resulting pain became severe, and on May 24th he was obliged to discontinue work. An operation followed, and the petitioner was in the hospital nine days, incurring a bill of $136.

The employer was notified of the accident May 24th, 1927. There was an informal hearing at which the referee determined there was a temporary disability of five and six-sevenths weeks. At the formal trial, Dr. Cummins testified the injured is suffering from a hydrocele. Dr. Hunt, also for the petitioner, testified the petitioner suffers from traumatic hydrocele and traumatic orchitis, and that if due to a disease, the condition would not have developed so suddenly. Other lay witnesses testified that the petitioner previously was a

strong man doing heavy work. The doctor for the respondent testified to double hydrocele, and possibly a mild orchitis, but he was of the opinion that had these resulted from trauma as stated by the petitioner, prostration would have followed at once. He also was of the opinion that the condition is a temporary one which can be relieved by treatment or operation.

In deciding this case these elements must be taken into consideration. Could the conditions found by the doctors be caused by simple pressure of the clothing on the affected parts? Is the orchitis or the hydrocele due to infection, tubercular or other disease? Is the present condition due to aggravation of pre-existing latent disease? Is the present disability temporary or permanent in character?

A study of the testimony presented at the hearing, with the above elements in mind, leads me to the conclusion that an award should be rendered on the basis of permanent partial disability, saving to the respondent, however, the provisions of paragraph 20 (e) of the act, relative to medical and surgical treatment.

\*   \*   \*   \*   \*   \*   \*

W. E. STUBBS,<br>
<em>Deputy Commissioner.</em>